UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JELEESA STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-343-CVE-SH |
| | ) |
| REGAL CAR SALES AND CREDIT and | ) |
| SABER ACCEPTANCE CO LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's amended complaint (Dkt. # 6) and motion for leave to proceed in forma pauperis (Dkt. # 3). On August 20, 2021, plaintiff filed this case alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TILA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA), and federal criminal law. Plaintiff makes vague allegations that defendants submitted a loan application in her name, and she suggests that defendants' conduct caused her to fraudulently incur a debt that she did not owe. Dkt. # 6, at 3. Plaintiff seeks money damages in varying amounts from each defendant. Id. at 6. She also asks the Court to require defendants to release any lien against her property. Id. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

      Plaintiff alleges that she resides in Tulsa, Oklahoma and that both defendants are businesses with their headquarters in Tulsa.  Dkt. # 2, at 2.  Plaintiff alleges that she submitted an application for consumer credit in connection with the purchase of an automobile from Regal Car Sales & Credit (Regal), and she claims that the application did not contain disclosures required under TILA.  Id. at 3. Specifically, plaintiff alleges that the application failed to advise her that she had a right to rescind the contract.  Id.  Plaintiff claims that Regal submitted a loan application in her name to Saber Acceptance Co. LLC (Saber), and she seeks money damages and injunctive relief.  Id. at 3, 6.  The Court reviewed plaintiff's original complaint (Dkt. # 2) and found that it was nearly identical to a complaint filed by another pro se plaintiff, Danielle Stephens.  The Court ordered plaintiff to explain whether she was receiving assistance from or being represented by another pro se party.  Dkt. # 4. Plaintiff responded that Danielle Stephens is her mother and she shared legal resources and books

with her mother when plaintiff drafted her complaint in this case.  The Court does not find that plaintiff's explanation for the overwhelming similarities between the complaint in this case and similar case filed by her mother is plausible, and it is most likely that plaintiff and Danielle Stephens collaborated or shared documents when filing their cases.  However, plaintiff has filed an amended complaint (Dkt. # 6) and the Court will not dismiss this case due to any possible collaboration between pro se plaintiffs.

Plaintiff has not cited Oklahoma law in her complaint, and she is not attempting to allege a claim under state law.  Plaintiff also alleges that all of the parties are citizens of Oklahoma, and it would not be possible for the Court to exercise diversity jurisdiction over this case.  The Court will consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.  See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff cites the FDCPA, the FCRA, TILA, and federal criminal statutes in her complaint, and the Court will consider whether she has alleged a potentially valid claim under any statute.  "The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does

3

not apply to 'creditors.'" McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4). Plaintiff makes no allegations that Regal or Saber are debt collectors who were directly or indirectly attempting to collect a debt owed by plaintiff to a third-party, and plaintiff has not stated a colorable claim under the FDCPA.

Under TILA, a creditor is required to disclose the total amount financed by the agreement, the finance charge, the annual percentage rate, and the schedule of payments in the credit agreement. 15 U.S.C. § 1638. Plaintiff claims that the disclosures in her original loan documents were defective, because she should have been notified that she had a right to rescind the contract under 15 U.S.C. § 1635. Dkt. # 6, at 3-4. However, this statute provides a limited right to rescind credit agreements for the acquisition of "any property which is used as the principal dwelling of the person to whom credit is extended . . . ." The credit agreement in this case was for the purchase of an automobile and § 1635 is inapplicable, and the disclosures were not deficient due to an alleged failure to notify plaintiff of a right to rescind the contract. Plaintiff has not specifically identified any other required disclosure that was not contained in the original loan documents, and her TILA claim against defendants is meritless.

The FCRA imposes a duty on furnishers of credit information to refrain from reporting inaccurate information to a credit reporting agency. 15 U.S.C. § 1681s-2. However, the FCRA does

not create a private right of action for a consumer against an entity that allegedly furnishes incorrect information to a credit reporting agency.  See Wenner v. Bank of America, NA, 637 F. Supp. 2d 944, 951 (D. Kan. 2009); Llewellyn v. Shearson Financial Network, Inc., 622 F. Supp. 2d 1062, 1072 (D. Colo. 2009); Whisenant v. First Nat'l Bank and Trust Co., 258 F. Supp. 2d 1312, 1316-17 (N.D. Okla. 2003).  Based on plaintiff's allegations, Regal and Saber would simply be furnishers of information to a credit reporting agency, and the FCRA does not provide a private right of action against furnishers of credit information.  Sanders v. Mountain America Federal Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012).

Finally, plaintiff alleges that defendants violated 12 U.S.C. § 1431 and 18 U.S.C. § 1344, but she makes no specific factual allegations in support of these claims.  Dkt. # 6, at 5-6.  The Court initially notes that §1344 is a federal criminal statute, and this statute does not create a private right of action for civil claims.  Chavez v. United States, 2021 WL 4948191 (D.N.M. Oct. 25, 2021); Brown v. Demchak, 2021 WL 4552964 (W.D. Penn. Oct. 5, 2021); Rivera v. Golden Nat'l Mortg. Banking Corp., 2001 WL 716908 (S.D.N.Y. June 26, 2001).  Plaintiff cannot rely on a federal criminal statute as the basis for a civil claim against defendants, and her claim described as "Crimes and Criminal Procedure" is dismissed.  Plaintiff has not alleged a colorable claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case.  The Court find no basis to exercise jurisdiction over this case under 28 U.S.C. §§ 1331 or 1332, and this case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 31st day of March, 2023.

                                                CLAIRE V. EAGAN
                                                UNITED STATES DISTRICT JUDGE